UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LESLIE JAMES PICKERING,                              24-cv-00081-LJV-MJR

           Plaintiff,

    v.

CENTRAL INTELLIGENCE AGENCY,

           Defendant.
_____

## PLAINTIFF'S REPLY MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

This action was initiated on January 23, 2024 under the Freedom of Information Act (FOIA), 5 USC §552, after the Central Intelligence Agency (CIA) denied Plaintiff's Freedom of Information (FOIA) request and failed to make a determination on his administrative appeal as required by 5 USC §552 (a)(6)(A)(ii).

Plaintiff, Leslie James Pickering, is a proprietor of Burning Books, 420 Connecticut Street, Buffalo, New York 14213, a Buffalo bookstore specializing in social justice struggles and state repression, as well as a Political Science Lecturer at Niagara University. See Pickering Affidavit ¶3. He has previously utilized FOIA to secure records from federal agencies such as the Federal Bureau of Investigation (FBI). See Pickering Affidavit ¶4. Plaintiff has been targeted by a host of federal, state, and local law enforcement agencies stemming from the exercise of his First Amendment Rights. See Pickering Affidavit ¶5 and ¶6.

## ARGUMENT

> "The danger of *Glomar* responses is that they encourage an unfortunate tendency of government officials to over-classify information, frequently keeping secret that which the public already knows, or that which is more embarrassing than revelatory of intelligence sources or methods." ACLU v. Department of Defense, 389 F. Supp. 2d 547, 561 (S.D.N.Y. 2005)

### THE CIA'S *GLOMAR* RESPONSE IS UNJUSTIFIED

The CIA invoked a *Glomar* response to Plaintiff's FOIA request. Plaintiff vigorously questions the propriety of the CIA's *Glomar* response. It is Plaintiff's contention that this response is unjustified and not supported by Second Circuit case law.

"A *Glomar* response requires the agency to argue, and the court to accept, that the very fact of the existence or nonexistence of responsive records is protected from disclosure." See ACLU v. CIA, 710 F. 3d 422, 433 (D. C. Cir. 2013). The Second Circuit has recognized that a *Glomar* response is available to agencies as a valid response to FOIA requests. See Wilner v. NSA, 592 F. 3d 60 (2d Cir. 2009).

The limited issue currently before this Court is whether a document released to Plaintiff by the FBI constitutes an official-acknowledgement exception to the *Glomar* doctrine. If the Court makes such a finding, the CIA's reliance on a *Glomar* response is not proper.

Plaintiff does not dispute that an agency may invoke a *Glomar* response wherein an agency may refuse to confirm or deny the existence of records. See Wilner v. National Security Agency, 592 F. 3d 60, 68 (2d Cir. 2009). An agency, however, "loses its ability to provide a *Glomar* response where the existence or nonexistence of the particular records covered by the *Glomar* response has been officially and publicly disclosed." See Wilner v. National Security Agency, 592 F. 3d 60, 70 (2d Cir. 2009). Also see New York Times v. Central Intelligence Agency, 965 F. 3d 109, 116 (2d Cir. 2020)

The Second Circuit has made it clear that a *Glomar* response is justified only in "unusual circumstances, and only applies when accompanied by a "particularly persuasive affidavit." "Absent a sufficiently specific explanation from an agency a court's *de novo* review is not possible, and the adversary process envisioned in FOIA litigation cannot function." See <u>Florez v. CIA</u>, 829 F. 3d 178, 182 (2d Cir. 2016).

In this case, the FBI released a document to Plaintiff under FOIA that refers to the CIA. See Dkt. No. 11-2, p. 5. Although such a disclosure does not preclude the CIA from asserting a *Glomar* response, it is relevant evidence that this Court should use to assess the sufficiency of the justifications set forth by the CIA in support of its *Glomar* response. See <u>Florez</u>, <u>supra</u>, at 186-187.

Pursuant to Executive Order 12333 §2.4, the CIA is restricted in the collection of intelligence information regarding United States citizens. Nevertheless, the CIA appears to have played a role in the FBI's probe of Plaintiff although it did not have the authority to do so.

Executive Order 13526 §1.7 (a) (1), §1.7 (a) (2) and §1.7 (a) (4), make it clear that in no case shall information remain classified in order to conceal violations of law, prevent embarrassment to a person, organization, or agency, or to prevent or delay the release of information that does not require protection in the interest of the national security. It is Plaintiff's contention that the CIA is attempting to prevent or delay the release of sought-after records to avoid public embarrassment for engaging in domestic political surveillance of an American citizen whose only crime was to assert rights guaranteed to him by the United States Constitution. The Second Circuit has held that, "FOIA does not shield materials relating to unauthorized or illegal investigative tactics." See <u>Kuzma v. IRS</u>, 775 F. 2d 66, 69 (2d Cir. 1985). Also see <u>Kanter v.</u>

<u>Internal Revenue Service</u>, 433 F. Supp. 812, 822 (N. D. Ill. 1977). The public has a right to know the extent to which the CIA participated in a domestic probe of Plaintiff.

## **CONCLUSION**

The preamble of Executive Order 13526 states that, "Our democratic principles require that the American people be informed of the activities of their Government." The veil of secrecy concerning the CIA's involvement in domestic political surveillance needs to be torn down. Consequently, the CIA's motion for summary judgment should be denied, the *Glomar* response ought to be rejected, and the CIA must be Ordered to produce responsive records and/or a *Vaughn* Index identifying documents or portions thereof being withheld so that Plaintiff may further challenge any withholding under FOIA.

Dated:  <u>May 15, 2024</u>

                                              Respectfully submitted,

                                              <u>*s/michael kuzma*</u>
                                              Michael Kuzma, Esq.
                                              1893 Clinton Street
                                              Buffalo, NY 14206
                                              (716) 822-7645
                                              Kuzma_Michael@hotmail.com