UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LESLIE JAMES PICKERING,

      Plaintiff,

                                    1:24-CV-00081

      v.

CENTRAL INTELLIGENCE
AGENCY,

      Defendant.

_____

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR RECONSIDERATION**

**INTRODUCTION**

This Reply Memorandum of Law is submitted on behalf of defendant Central Intelligence Agency ("CIA") in support of its motion for reconsideration, pursuant to Fed. R. Civ. P. 54(b). This case concerns a request made by Plaintiff to the CIA, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**POINT I**

**THE COURT SHOULD RECONSIDER ITS DECISION TO ORDER THE *IN CAMERA* INSPECTION**

In opposition to the CIA's motion to reconsider, Plaintiff first argues that the motion should be denied because "[t]here has been no change in controlling law since the January 15, 2026 Order was handed down, nor has the Court overlooked or failed to consider binding authority." ECF No. 25, pp. 1-2. However, the CIA argued in its motion – correctly – that the Court, respectfully, overlooked and/or misconstrued the Second Circuit's decision in

Wilner v. Nat'l Sec. Agency, 592 F.3d 60, 68 (2d Cir. 2009).  Notably, Plaintiff does not even mention Wilner in his brief.

Next, Plaintiff argues that the Court has the authority to conduct an *in camera* review under FOIA in order to test the propriety of claims of FOIA exemptions by federal agencies. ECF No. 25, pp. 2-3.  But the cases cited by Plaintiff are either out-of-circuit cases or district court cases.  The Second Circuit's decision in Wilner establishes the standard for *in camera* review in the context of a Glomar response.  Wilner, 592 F.3d at 75-76 (holding that, in the context of a Glomar response, the court should conduct an *in camera* review only "if questions remain after the relevant issues have been identified by the agency's public affidavits.").

Lastly, Plaintiff asserts that it would be "difficult to fathom how requiring Defendant to submit an unredacted copy of the . . . FD-302 to the Court for in camera review" will undermine Glomar.  ECF No. 25, p.3.  However, this case presents a very clear example of how *in camera* review would, in fact, undermine the Glomar doctrine.  It is undisputed that the document at issue was created by the FBI, not the CIA.  And, as was emphasized in the CIA's memorandum, producing the document for *in camera* inspection would force the CIA to acknowledge that it does or does not possess a particular document about a particular individual.  Plaintiff's failure to address this point in his response is telling.

## **CONCLUSION**

For the foregoing reasons, the Court should reconsider its prior order, and grant summary judgment in CIA's favor.

**DATED**:      Buffalo, New York, February 27, 2026

                                 MICHAEL DIGIACOMO
                                 United States Attorney

                    BY:    S/MICHAEL S. CERRONE
                                 Assistant U.S. Attorney
                                 U.S. Attorney's Office
                                 Western District of New York
                                 138 Delaware Avenue
                                 Buffalo, New York 14202
                                 716-843-5851
                                 michael.cerrone@usdoj.gov